**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID GALLEGOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-2777 |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The plaintiff, David Gallegos, has filed two motions: a motion for leave to file a first amended complaint and a motion to remand. Based on a careful review of the pleadings, the motions and responses, and the applicable law, this court denies the motion for leave and the motion to remand. The reasons are explained below.

**I.    Background**

Gallegos sued Safeco Insurance Company of Indiana ("Safeco") in Texas state court on July 24, 2009, alleging breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). Gallegos's claims arise out of his claim for insurance benefits for damage to his house after Hurricane Ike. (Docket Entry No. 1, Ex. A). On August 27, 2009, Safeco removed the case to this court on the basis of diversity jurisdiction. (Docket Entry No. 1). On September 25, 2009, Gallegos filed the motion for leave to file an amended complaint, (Docket Entry No. 5), and the motion to remand, (Docket Entry No. 6). Safeco responded. (Docket Entry Nos. 7, 8).

Gallegos seeks to amend to add Robert Shane Haar, the Safeco adjuster who handled Gallegos's insurance claim, as a defendant.  (Docket Entry No. 5).  Gallegos argues that the amendment should be permitted because it will not cause prejudice or undue delay.  (*Id.* at 2). Gallegos's motion to remand is predicated on this court granting leave to amend.  Gallegos argues that because Haar is a Texas resident, his joinder will destroy diversity and therefore destroy federal jurisdiction.  (Docket Entry No. 6).  Safeco opposes the motion for leave to amend, arguing that Gallegos's primary purpose is to defeat diversity jurisdiction,  that Gallegos was dilatory in filing his motion, that Gallegos could not recover against Haar, and that Safeco has an interest in maintaining a federal forum.  (Docket Entry No. 8).  Safeco opposes remand on the ground that joinder would be improper for the reasons identified in the opposition to leave to amend.  (Docket Entry No. 7).

## II.    The Applicable Law

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1).  If the circumstances set forth in Rule 15(a)(1)(A) and Rule 15(a)(1)(B) do not apply, the party may amend its pleading only by written consent of the adverse party or leave of the court.  FED. R. CIV. P. 15(a)(2).  The function of this rule "is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer."  6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MAY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1473 (2d

ed. 1990).  A party may make a Rule 15(a) amendment to add a party.  *Id.* § 1474; *see Wilger v. Dep't of Pensions & Sec.*, 593 F.2d 12, 13 (5th Cir. 1979).

"A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)."  *Short v. Ford Motor Co.*, No. 93-8626, 21 F.3d 1107, 1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994) (per curiam) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *see Tujague v. Atmos Energy Corp.*, No. 05-2733, 2008 WL 489556, at *1 (E.D. La. Feb. 20, 2008) ("[W]hen an amendment would destroy diversity the court should scrutinize that amendment more closely than an ordinary amendment.").  If diversity was the only basis for the court's subject-matter jurisdiction and a district court permits joinder of a nondiverse defendant, it must remand the case to the state court.  *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (citing 28 U.S.C. § 1447(e)); *Lindsay v. Ford Motor Co.*, No. 94-10503, 41 F.3d 664, 1994 WL 684970, at *4–5 (5th Cir. Nov. 22, 1994) (per curiam) (citing 28 U.S.C. § 1447(e)).  "A motion for leave to amend to add a nondiverse party whose inclusion would destroy diversity and divest the court of jurisdiction is governed by 28 U.S.C. § 1447(e), not Rule 15(a)." *Arthur v. Stern*, No. H-07-3742, 2008 WL 2620116, at *3 (S.D. Tex. June 26, 2008) (citing, among others, *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991), and  *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996)).  "A party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."  *Whitworth*, 914 F. Supp. at 1435 (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MAY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1447 (2d ed. 1990)).

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or

permit joinder and remand the action to the State court."  "In determining whether to allow joinder of a party under section 1447(e), a district court examines the factors set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), and does not apply the 'freely given' standard of Rule 15(a)." *Arthur*, 2008 WL 2620116, at *4 (citing *Tillman*, 929 F.2d at 1029 & n.11; *Tujague v. Atmos Energy Corp.*, No. 05-2733, 2008 WL 489556, at *1–2 (E.D. La. Feb. 20, 2008); *Dumas v. Walgreens Co.*, No. 3:05-CV-2290-D, 2007 WL 465219, at *1 (N.D. Tex. Feb. 13, 2007)).  In *Hensgens*, the Fifth Circuit stated that in balancing the original defendant's interest in maintaining the federal forum against the competing interest in avoiding multiple and parallel litigation, a court considers: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether [the] plaintiff has been dilatory in asking for amendment"; (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities."  833 F.2d at 1182.  The balance does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party."  *Id.*; *see also Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (stating that joinder of nondiverse parties is "committed to the sound discretion of the district court" under § 1447(e) and "thus, this decision is not controlled by a Rule 19 analysis").

Granting Gallegos's motion for leave to amend to join Harr as a defendant would destroy diversity and this court's subject-matter jurisdiction.  The analysis requires an application of the standard set out in *Hensgens*.

## III.    Analysis

The first *Hensgens* factor—whether Gallegos's primary purpose in seeking to amend is to defeat diversity jurisdiction—weighs in favor of denying the motions.  "When courts analyze the first *Hensgens* factor, they consider 'whether the plaintiffs knew or should have known the identity

of the non-diverse defendant when the state court complaint was filed.'" *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (quoting *Schindler v. Charles Schwab & Co.*, CIV. A. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005)). A court in this district has held that similar facts showed that the plaintiff added nondiverse insurance adjusters after removal "purely as an additional attempt to defeat diversity jurisdiction." *See Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004) (denying an amendment to add two nondiverse insurance claims adjusters to a suit against an insurance company alleging violations of the Texas Insurance Code, negligence, breach of contract, breach of the duty of good faith and fair dealing, and the DTPA when the plaintiffs knew before filing suit the names of the adjusters who had worked on the claims for the insurance company); *see also Tomlinson*, 2006 WL 1331541, at *3 (holding that when the plaintiffs sought leave to amend their complaint against an insurance company to add a nondiverse insurance agent, the plaintiffs purpose in amending was to destroy diversity because they knew of the insurance agent's identity and actions before filing suit in state court); *Selman v. Wyeth-Ayerst Labs.* (*In re Norplant Contraceptive Prods. Liability Litig.*), 898 F. Supp. 429, 432 (E.D. Tex. 1995) (holding that the proposed amendment was intended to defeat diversity when the plaintiffs had to know the identity of the nondiverse doctor who implanted the allegedly defective contraceptive device before they filed the suit in state court); *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (denying leave to amend to add a nondiverse insurance agency because the plaintiff knew of the agency's role but failed to name the agency in the state court petition). Gallegos knew the existence and identity of the Safeco adjuster involved in the claim before the suit was filed in state court. Although Gallegos states in his motion for leave to amend and his motion to remand that

he "recently learned" that Haar was the insurance adjuster who handled his claims, the record shows that Haar's name and contact information appeared on three letters to Gallegos sent before Gallegos filed suit in state court.  Gallegos filed this suit in Texas state court on July 24, 2009.  The record contains a January 30, 2009 letter signed by Haar stating that the case had been assigned to Haar; a February 6, 2009 letter signed by Haar asking Gallegos to contact him; and a March 30, 2009 letter signed by Haar stating that Safeco had issued a benefits check and containing other instructions regarding the claim.  (Docket Entry No. 8, Ex. A).

If a plaintiff moves to amend to add a nondiverse defendant shortly after removal, some courts view that as evidence of a purpose to defeat federal diversity jurisdiction.  *Karr v. Brice Bldg. Co.*, No. 08-1984, 2009 WL 1458043, at *4 (E.D. La. May 22, 2009); *see also Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) (noting that a district court should be "wary" that an amendment is proposed for the purpose of defeating federal jurisdiction when the plaintiff seeks to add a nondiverse defendant immediately after removal but before discovery has taken place).  In this case, Gallegos filed the motion for leave to amend and the motion to remand less than a month after removal, providing further evidence that the amendment was to defeat federal jurisdiction.  *See Rosa v. Aqualine Res., Inc.*, No. Civ. A. 3:04-CV-0915-B, 2004 WL 2479900, at *2 (N.D. Tex. Oct. 28, 2004).

Other courts have considered whether the plaintiff states a valid claim against the defendant as evidence that the principal purpose of the amendment is not to defeat diversity.  *See Karr*, 2009 WL 1458043, at *3; *Schindler v. Charles Schwab & Co.*, No. Civ. A. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005).  A court in this district has concluded in circumstances very similar to this case that plaintiffs seeking to impose liability on an insurance adjuster under Texas law "face

significant legal obstacles" when the plaintiffs fail to allege that the adjuster exceeded his authority or made actionable misrepresentations.  *See Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004).  In this case, Gallegos did not add any allegations against Haar.  Instead, the only substantive changes in the proposed amended pleading are to add Haar as a defendant and to change the references to the "defendant" to the "defendants."  (*Compare* Docket Entry No. 1, Ex. A, *with* Docket Entry No. 5).[1]

The second *Hensgens* factor—whether the plaintiff was dilatory in seeking leave to amend—is closer but also weighs in Safeco's favor.  Although courts generally find that a plaintiff "is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred,'" *Smith v. Robin Am., Inc.*, H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009), the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction.  In such a circumstance, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory."  *See Irigoyen*, 2004 WL 398553, at *4; *see also Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. Civ. A. 03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003) (holding that a plaintiff was dilatory in waiting two months after filing the complaint and nearly thirty days after removal before filing a motion for leave to amend); *Phillips v. Delta Airlines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001) (same).  *But cf. Schindler v. Charles Schwab & Co.*, No. Civ. A. 05-0082,

---

[1]  The amended pleading alleges that Haar is liable to Gallegos for "intentional violations of the *Texas Unfair Compensation and Unfair Practices Act and the Texas Prompt Payment of Claims Act*"; the claims for breach of contract and breach of good faith and fair dealing are only asserted against Safeco.  (Docket Entry No. 5, Ex. A, at 6).  However, the references to "defendant" were also changed to "defendants" in the allegations for breach of the duty of good faith and fair dealing, (*id.* at 8), and allegations under the DTPA, (*id.* at 9).

2005 WL 1155862, at *4 (E.D. La. May 12, 2005) (holding that the plaintiff was not dilatory when she filed the motion to amend a month and a half after she filed her state court petition and less than thirty days after removal to federal court) (citing *Johnson v. Sepulveda Props., Inc.*, No. CIV. A. 99-2312, 1999 WL 728746, at *3 (E.D. La. Sept. 16, 1999) (amendment sought two months after state court petition filed held not dilatory), *McNeel v. Kemper Cas. Ins. Co.*, No. Civ. A. 3:04-CV-0734, 2004 WL 1635757, at *3 (N.D. Tex. Jul. 21, 2004) (amendment five months after filing of state court petition and six weeks after removal held not dilatory); *Vincent v. E. Haven Ltd. P'ship*, No. Civ. A. 02-2904, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002) (amendment five months after state court filing held not dilatory), and *Holcomb v. Brience, Inc.*, No. 3:01-CV-1715-M, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (amendment two months and one week after state court filing and one month and one week after removal held not dilatory)).   In this case, no pretrial or trial dates have been scheduled and no significant activity beyond the pleadings has occurred.   But the motion to amend was filed approximately two months after the state court action was filed and just shy of thirty days after removal, and Gallegos had ample information about Haar's identity and involvement in handling the insurance claim before Gallegos filed the suit in state court.   Both of these factors weigh slightly in favor of finding that Gallegos was dilatory in filing the motion for leave to amend. *See Irigoyen*, 2004 WL 398553, at *4.  The second *Hensgens* factor weighs slightly in favor of denying the motion for leave to amend.

In considering the third *Hensgens* factor—whether the plaintiff would be prejudiced by denying leave to amend—courts consider whether the already named diverse defendant would be unable to satisfy a future judgment.  *See id.* at *5; *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994).   Courts look to whether the plaintiff could recover against the

proposed nondiverse defendant.  *See Irigoyen*, 2004 WL 398553, at *5.  Some courts analyze whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, *see Bienaime v. Kitzman*, No. CIV. A. 00-284, CIV. A. 00-473, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000), or because such proceedings would place a financial burden on the plaintiff, *see Schindler v. Charles Schwab & Co.*, No. Civ. A. 05-0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005).

There is no indication that Safeco would be unable to satisfy a judgment.  Additionally, a court in this district has concluded in circumstances very similar to this case that plaintiffs seeking to impose liability on an insurance adjuster under Texas law "face significant legal obstacles" when the plaintiffs fail to allege that the adjuster exceeded his authority or made actionable misrepresentations.  *See Irigoyen*, 2004 WL 398553, at *5.  In this case, Gallegos did not add allegations against Haar; the only substantive changes to the allegations in the proposed amended pleading are to add Haar and to change references to the "defendant" to the "defendants." (*Compare* Docket Entry No. 1, Ex. A, *with* Docket Entry No. 5).  Because Gallegos did not sue Haar in state court, and because of the doubts as to the ability to recover against Haar, it is unlikely that there will be parallel state proceedings if the motion for leave to amend is denied.  The third *Hensgens* factor weighs in favor of denying the motion for leave to amend.

The final *Hensgens* factor requires this court to analyze other equitable factors.  Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum, *see, e.g.*, *Smith v. Robin Am., Inc.*, H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009), and whether denying leave to amend would result in parallel state court proceedings, *see Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *6

(E.D. La. May 12, 2006) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)), these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant.  Those factors have already been analyzed in considering the first three *Hensgens* factors.  Because neither party points to additional equitable factors beyond these considerations, the fourth *Hensgens* factor weighs in neutral.

Considering the *Hensgens* factors, this court concludes that the proposed amendment is primarily for the purpose of defeating federal jurisdiction; Gallegos was dilatory in naming Haar as a defendant; Gallegos will not be prejudiced by denying the amendment; and neither party has presented additional equitable considerations.  Gallegos's motion to amend is denied.  Because Gallegos's motion to remand was predicated on granting the motion for leave to amend, the motion to remand is also denied.

**IV.    Conclusion**

Gallegos's motion for leave to amend and motion for remand are denied.

SIGNED on December 7, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

10